# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| DESPINA SMALIS, | ) | Bankruptcy No. 05-31587-CMB |
|         Debtor. | ) | Chapter 7 |
| | ) | Adversary No. 15-02174-CMB |

| | | |
|---|---|---|
| ERNEST SMALIS, | ) | |
| | ) | |
|         Plaintiff, | ) | Civil Action No. 15-1474 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HUNTINGTON BANK, PA CAPITAL | ) | |
| BANK, THREE RIVERS BANK, | ) | |
| and SKY BANK, | ) | |
| | ) | |
|         Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons stated below, Ernest Smalis's ("Plaintiff's") Motion to Withdraw the Reference (Doc. 1) will be DENIED.

## BACKGROUND

On September 2, 2005, debtor Despina Smalis ("Debtor") voluntarily filed a Chapter 7 bankruptcy petition in the bankruptcy court. (Bankr. No. 05-31587, Doc. 1). On August 31, 2015, Plaintiff commenced an adversary proceeding against Huntington Bank, PA Capital Bank, Three Rivers Bank, and Sky Bank ("Defendants") in the bankruptcy court at adversary number 15-1474. (See Bankr. No. 05-31587, Doc. 262; Adversary No. 15-1474, Doc. 1). The Adversary Complaint (Adversary No. 15-1474, Doc. 1) alleges violations of the following: 1) Article 9 of the Uniform Commercial Code ("UCC"); 2) Plaintiff's right to due process under the Fourteenth Amendment; 3) the Truth in Lending Act ("TILA"); 4) the Real Estate Settlement Procedures Act ("RESPA"); 5) the Fair Debt Collection Practices Act ("FDCPA"); 6) portions of

Pennsylvania's recording statute and judicial code related to mortgage and judgment satisfaction; 7) the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and 8) contract common law. On November 10, 2015, Plaintiff filed the instant Motion to Withdraw the Reference of the 15-1474 adversary proceeding from the bankruptcy court to this Court, pursuant to 28 U.S.C. § 157(d). (Doc. 1). Defendants filed a Response in Opposition to Plaintiff's motion on January 21, 2016 (Doc. 8), and Plaintiff filed a Reply brief on February 23, 2016 (Doc. 11).

**ANALYSIS**

Title 28, United States Code, Section 157(d) sets forth both mandatory and discretionary bases for the Court to withdraw the reference from bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

See also, Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co., 272 B.R. 104, 107 (E.D. Pa. 2001).

With respect to mandatory withdrawal of the reference, three conditions must be met: "1) the person seeking withdrawal must be a party to the proceeding; 2) the motion to withdraw the reference must be timely filed; and 3) resolution of the proceeding must require consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce." In re Camden Ordnance Mfg. Co. of Arkansas, Inc., 245 B.R. 794, 805-06 (E.D. Pa. 2000).[1] Although the Court of Appeals for the Third Circuit has yet to opine on this issue, district courts have determined that the consideration of non-bankruptcy federal law must be

---

[1] The Court finds that the first two requirements are met, and the only requirement that merits discussion is the third.

2

"substantial and material" in order to warrant mandatory withdrawal. See, e.g., id. at 806; In re Quaker City Gear Works, Inc., 128 B.R. 711 (E.D. Pa. 1991); Smalis v. City of Pittsburgh Sch. Dist., 2016 WL 110029 (W.D. Pa. 2016). A "literal interpretation of [Section] 157(d) could result in a broad escape hatch through which most bankruptcy matters could be removed to a district court." Quaker Gear, 128 B.R. at 713.

Plaintiff makes a number of Pennsylvania state law claims, which do not provide an appropriate basis for mandatory withdrawal. See In re Pelullo, 1997 WL 535155 (E.D. Pa. 1997) ("[S]tate law claims do not require consideration of any federal law which would mandate withdrawal); In re Oakwood Corp., 2007 WL 2071730 (D. Del. 2007) (holding mandatory withdrawal to be inappropriate based on state law claims). The alleged violations of Article 9 of the UCC, the UTPCPL, Pennsylvania's recording statute, and for breach of contract, do not merit mandatory withdrawal.

Plaintiff asserts two federal law claims – TILA and RESPA – that Defendants argue are time-barred, as they accrued at the time of foreclosure (2002) and the closing of the mortgage loan (1993). (See Doc. 8 at 3). The statute of limitations for TILA is one-year; RESPA's statute of limitations is one or three years, depending on the claim. 15 U.S.C. § 1604(e); 12 U.S.C. § 2614. The party seeking the withdrawal of the reference bears the burden of demonstrating the basis for granting its motion. See, e.g., Camden Ordnance, 245 B.R. at 805.

Plaintiff argues that the doctrine of fraudulent concealment tolls the statutes of limitations, and his TILA and RESPA claims both are timely and form a basis for mandatory withdrawal. For the purposes of this motion, the Court assumes that the fraudulent concealment doctrine provides an appropriate basis for the equitable tolling of TILA and RESPA claims. "For the equitable tolling doctrine of fraudulent concealment to apply to a case, a plaintiff must prove

3

that (1) the defendant actively misled the plaintiff respecting the plaintiff's claim; (2) the defendant prevented the plaintiff from recognizing the validity of the claim within the limitations period; and (3) the plaintiff used reasonable diligence in uncovering the relevant facts that form the basis of a claim." Poskin v. TD Banknorth, N.A., 687 F. Supp. 2d 530, 551 (W.D. Pa. 2009) (citing In re Cmty. Bank of N. Va., 467 F.Supp.2d 466, 478–79 (W.D. Pa. 2006)). Here, Plaintiff makes the conclusory statement that he "used reasonable diligence in uncovering the relevant facts that formed the basis of his claim." (Doc. 11 at 17). He points to no facts that support this statement. As the burden is Plaintiff's to demonstrate the applicability of the federal statutes at issue, and he provides no potential basis for finding that his TILA and/or RESPA claims are timely, neither statute suffices as a basis for mandatory withdrawal.

Plaintiff makes an FDCPA claim against one or more Defendant. (Adversary No. 15-1474, Doc. 1 at ¶ 14). He alleges that "[*sic*] bank continued illegal debt collection practices after plaintiff satisfied full amount of mortgage security device." Id. Assuming the FDCPA claim is against all Defendants, Defendants argue that "[c]reditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA." (Doc. 8 at 4 (quoting Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000)).

The FDCPA contains a detailed definition of "debt collector":

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

See 15 U.S.C. § 1692a(6). Plaintiff has failed to allege any facts to support a conclusion that Defendants qualify as debt collectors. Even assuming Defendants attempted to collect unpaid obligations from Plaintiff, Plaintiffs allegations paint them as creditors, not "debt collectors" under the FDCPA. See Rice v. Grimm Brothers Realty Company, 2016 WL 278302, *3 (E.D.

4

Pa. 2016) (finding that creditors are not subject to the FDCPA) (citing Pollice, 225 F.3d at 403; Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) (reasoning that "[c]reditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the Act....[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill"); Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980) (explaining that the FDCPA "does not apply to persons or businesses collecting debts on their own behalf....[rather] [i]t is directed to those persons who are engaged in business for the principal purpose of collecting debts.")).

Plaintiff alleges that Defendants engaged in "illegal debt collection practices," in order to collect on their own behalf as creditors, not debtors. (Adversary No. 15-1474, Doc. 1 at ¶ 14). As such, he has not met his burden of demonstrating that consideration of the FDCPA will be "material and substantial," and the FDCPA claim is also not a basis for mandatory withdrawal.[2]

Finally, Plaintiff's claims do not require material and substantial consideration of the due process clause of the Fourteenth Amendment, as Defendants are not state actors. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 929 (1982) (holding that a plaintiff must prove state action in order to demonstrate deprivation of due process); see also, Martin v. Farmers First Bank, 1993 WL 264962, *4 (E.D. Pa. July 7, 1993) ("Plaintiff has failed to set forth facts to show that any of the defendants were acting under color of state law when they allegedly deprived Plaintiffs of their constitutional rights. The Bank and its employees are private actors. Banks are subject to extensive state and federal regulation, but that does not convert their actions into that of the state

---

[2] The Court notes that Plaintiff responds to Defendant's arguments in his Reply brief. (Doc. 11). However, rather than establishing – either legally or factually – how Defendants may qualify as "debt collectors," he expounds upon how their actions constituted "debt collection." (Doc. 11 at 11-15). His Reply failed to meet the burden upon him as the moving party.

for purposes of the Fourteenth Amendment."). As Plaintiff's claims do not present substantial and material considerations of federal law, mandatory withdrawal is not appropriate.

The Court of Appeals for the Third Circuit has held that five factors should be considered when deciding if cause has been shown for permissive withdrawal of the reference: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990). Discretionary withdrawal is the "exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy courts," and withdrawal is to be "reserved for the unusual circumstance" in which it is "essential to preserve a higher interest." BANKRUPTCY LAW MANUAL § 2:11 (5th ed. 2015) (citing decisions) (internal quotation marks omitted).

Plaintiff has failed to demonstrate sufficient cause for discretionary withdrawal of the adversary proceeding at issue here. He primarily points to his request for a jury trial on claims, discussed *infra*, that are not substantial and material to the instant suit. Moreover, his request for a jury trial does not implicate any of the non-exhaustive factors enumerated in Pruitt. The Court further concludes that granting Plaintiff's motion would encourage, not discourage, forum shopping, as it is clear that Plaintiff is dissatisfied with his inability to succeed in adversary proceedings against various defendants before Judge Böhm, and is seeking a different forum in which to pursue his goals. The Court will exercise its discretion and deny Plaintiff's Motion to Withdraw the Reference of the 15-2174 Adversary Proceeding.

## II. **<u>ORDER</u>**

For the reasons stated above, Plaintiff's Motion to Withdraw the Reference (Doc. 1) is DENIED.

IT IS SO ORDERED.

April 26, 2016                                   s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

ERNEST SMALIS
6652 Northumberland St
Pittsburgh, PA 15217